THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL RYAN,<br><br>    Petitioner,<br><br>  v.<br><br>MAGGIE MILLER-STOUT,<br><br>    Respondent. | CASE NO. C12-0727-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner Samuel Ryan's objections (Dkt. No. 91) to the Report and Recommendation (Dkt. No. 90) of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the objections and ADOPTS the Report and Recommendation for the reasons explained herein.

## I. BACKGROUND

The facts of this case have been outlined in detail in Judge Tsuchida's Report and Recommendation and need not be repeated in full. (*See* Dkt. No. 90 at 2–13.) In short, Petitioner was found guilty of first degree robbery and three counts of first degree kidnapping, each with a firearm enhancement, at a stipulated evidence bench trial. (Dkt. No. 69, Ex. 14 at 2.) Petitioner had signed a waiver of his right to a jury. (*Id.*) He was first sentenced in 2003 to a mandatory life sentence under the Persistent Offender Accountability Act based on prior convictions from

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 1

California and Illinois. (*Id.*) He appealed, and the sentence was reversed and remanded because the State had not shown the Illinois conviction was comparable to a Washington offense. (*Id.*) He was resentenced in 2005 to a total of 128 months based on a finding that the kidnappings and robbery merged. (*Id.*) The State appealed, and while that appeal was pending, the Washington Supreme Court held that kidnapping does not merge with robbery. *See State v. Louis*, 120 P.3d 936, 940 (Wash. 2005). Therefore, the 2005 sentence was reversed and remanded. (Dkt. No. 69, Ex. 14 at 3.) Petitioner was resentenced in 2009 to 130 months for robbery, 85 months for one of the kidnappings, 61 months for each of the other two kidnappings, and a 60-month firearm enhancement for each offense, totaling 447 months. (*Id.*; Dkt. No. 69, Ex. 1.) The imposed sentences for each were in the mid-range of available sentences. (Dkt. No. 69, Ex. 14 at 3.) Petitioner also appealed the 2009 sentence, which was affirmed by the Washington Court of Appeals, (Dkt. No. 69, Ex. 14). The Washington Supreme Court denied review. (Dkt. No. 69, Ex. 16.)

Ultimately, Petitioner filed this § 2254 habeas petition. (Dkt. No. 6.) Petitioner's claims are as follows:

1. Petitioner received ineffective assistance of counsel at his first sentencing in 2003 and his second resentencing in 2009 when his counsel failed to advocate for concurrent sentences or otherwise invoke the requirements of *Apprendi*[1] and *Blakely*[2].

2. The trial court failed to adequately inquire regarding defense counsel's deficiencies in persuading Petitioner to waive his right to jury trial.

3. Petitioner did not knowingly, intelligently, and voluntarily waive his Sixth Amendment jury trial rights.

(*See* Dkt. No. 84.) Judge Tsuchida recommends denying the portion of Claim 1 relating to the 2003 sentencing because it is not exhausted, denying the remaining claims on the merits, and denying issuance of a certificate of appealability. (Dkt. No. 90.) Petitioner objects to all of the

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] *Blakely v. Washington*, 542 U.S. 296 (2004).

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 2

recommendations. (Dkt. No. 91.)

## II. DISCUSSION

### A. Legal Standard

Pursuant to the Anti-Terrorism and Effective Death Penalty Act (AEDPA), a habeas petition may be granted with respect to claims adjudicated on the merits in state court if it

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the first method, the Court may find a constitutional error only if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law, or if the state court decides a case differently than the U.S. Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). The Court may find a constitutional error only if the state court's conclusion was "more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (internal citations omitted).

With respect to the second method, a federal court must presume that state court factual findings are correct. 28 U.S.C. § 2254(e)(1). A federal court may not overturn state court findings of fact "absent clear and convincing evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Petitioner carries the burden of proof and the Court is "limited to the record before the state court that adjudicated the claim[s] on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Objections to a Magistrate Judge's report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1).

With these standards in mind, the Court will address Petitioner's claims in the order addressed by Judge Tsuchida.

### B. Claim 3—Waiver of Jury Trial

Petitioner argues his mental illness, lack of education, and deficits in English proficiency, when considered along with the fact that an allegedly conflicted attorney represented him, demonstrate his waiver was not proper. (Dkt. No. 84 at 19–21.) The Sixth Amendment guarantees criminal defendants the right to a jury trial. U.S. CONST. amend. VI. The right to a jury trial may be waived only if (1) the waiver is in writing; (2) the government consents; (3) the court accepts the waiver; and (4) the waiver is made voluntarily, knowingly, and intelligently. *United States v. Cochran*, 770 F.2d 850, 851 (9th Cir. 1985). With regards to the fourth requirement, federal courts look to whether the state court trial judge informed the defendant that (1) 12 members of the community compose a jury; (2) the defendant may take part in the jury selection; (3) a jury verdict must be unanimous; and (4) the court alone decides guilt or innocence if the defendant waives a jury trial. *Id.* at 853. The trial judge should also question the defendant and engage in a colloquy to ascertain whether the defendant understands the benefits and burdens of a jury trial and freely chooses to waive the right. *Id.* at 852–53.

A written waiver creates a presumption that the waiver was voluntarily, knowingly, and intelligently made. *Id.* This presumption is rebuttable, though, for example if there is a "suspected presence of mental or emotional instability." *United States v. Christensen*, 18 F.3d 822, 826 (9th Cir. 1994). Where trial courts "have reason to suspect a defendant may suffer from mental or emotional instability" they must conduct "an in-depth colloquy which reasonably assures the court that under the particular facts of the case, the signed waiver was voluntarily, knowingly, and intelligently made." *Id.*

Judge Tsuchida found that Petitioner's waiver of a jury trial was voluntarily, knowingly, and intelligently made. (Dkt. No. 90 at 19.) Petitioner objects, and argues that the facts from the trial record are sufficient to show that he suffered from a mental illness and the mental illness

was a factor in shaping his decision. (Dkt. No. 91 at 8.) However, even though the trial court was aware a potential mental illness could lessen the voluntariness of the waiver, an in depth colloquy took place. Petitioner confirmed he could read and write English, confirmed he understood the waiver and stipulation, acknowledged his guilt, and agreed that he did not dispute the facts in the stipulation. (Dkt. No. 63-1 at 60–66.) The trial court met its burden in assessing whether the waiver was voluntarily made. Looking at the totality of the facts and circumstances, the state court did not apply U.S. Supreme Court precedent in an objectively unreasonable way and its findings of fact were not objectively unreasonable. Therefore, Petitioner's objection to Judge Tsuchida's recommendation is OVERRULED. The Court ADOPTS Judge Tsuchida's recommendation and Claim 3 is DENIED.

### C. Claim 1—Ineffective Assistance of Counsel at Sentencing

#### 1. 2003 Sentencing

Petitioner argues his 2003 ineffective assistance of counsel claim is properly exhausted and can be reviewed on the merits. (Dkt. No. 91 at 2.) Before seeking federal habeas relief, a state prisoner must exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b). One way a petitioner may exhaust his state remedies is by "fairly presenting" his claims in each appropriate state court, including the state supreme court with powers of discretionary review, thereby giving those courts the opportunity to act on his claims. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A petitioner's procedurally defaulted claims are barred from federal habeas review unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 732 (2007).

Judge Tsuchida found that Petitioner did not properly exhaust his 2003 ineffective assistance of counsel claim because he failed to raise it in his Washington Supreme Court petitions. (Dkt. No. 90 at 20.) Petitioner objects, and argues that all of his appeals that reached the Washington Supreme Court consistently challenged the overall performance of his counsel, even if the wording was not specific to include the 2003 sentencing. (Dkt. No. 91 at 2 (citing

Dkt. No. 69, Ex. 20 at 2)). However, the document Petitioner cites limits his ineffective assistance of counsel claim to his "third sentencing" in 2009. (Dkt. No. 69, Ex. 20 at 2, 4.) In his other petitions to the Washington Supreme Court, ineffective assistance of counsel is either not mentioned or also limited to the 2009 resentencing. (*See* Dkt. No. 69, Exs. 8, 15, 26.) The fact that the 2003 and 2009 ineffective assistance of counsel claims are similar does not mean the 2003 claim was properly exhausted by raising the 2009 claim. With no mention of the 2003 sentencing in his petitions to the Washington Supreme Court, the Court concludes the claim was not fairly presented for review and is not exhausted. Therefore, Petitioner's objection is OVERRULED.

Judge Tsuchida also found Petitioner has not demonstrated cause and prejudice or actual innocence to overcome exhaustion's procedural bar. (Dkt. No. 90 at 21–22.) Petitioner does not object to this finding and the Court agrees with Judge Tsuchida's analysis. The Court ADOPTS Judge Tsuchida's recommendation and DENIES the 2003 sentencing claim within Claim 1.

### 2. 2009 Sentencing

Petitioner argues that his counsel at the 2009 resentencing was ineffective because counsel failed to assert rights to notice, jury, and sufficient proof of aggravating sentencing facts. (Dkt. No. 84 at 13.) To prevail on his ineffective assistance of counsel claims, Petitioner must show the trial court unreasonably did not find that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) the deficiency "in counsel's performance [was] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The first element requires that "in light of all the circumstances, the identified acts or omissions [of his counsel] were outside the wide range of professional competent assistance." *Id.* at 690. To demonstrate prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Petitioner must show the trial court unreasonably found there was not "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Judge Tsuchida found the state court's rejection of Petitioner's argument was not an unreasonable application of U.S. Supreme Court precedent. (Dkt. No. 90 at 26.) Petitioner argues he should have been advised of his *Blakely* rights at his 2009 sentencing and Judge Tsuchida is wrong to reject this argument. (Dkt. No. 91 at 4.) Under *Blakely*, exceptional sentences, like the firearm enhancement in this case, may not be imposed unless the supporting facts are admitted by the defendant or found by a jury beyond a reasonable doubt. 542 U.S. at 301–02.

Petitioner argues that his counsel misled the court when counsel stated the court's "hands are somewhat tied" because of the stipulated facts and waiver of jury trial. (Dkt. No. 63-1 at 114.) Petitioner essentially argues that this statement was inappropriate because the waiver was not voluntarily made and his defense counsel should have argued that Petitioner was entitled to a jury finding. (Dkt. No. 91 at 3–4.) However, as discussed above, the state court reasonably found that the jury waiver was voluntarily made. Petitioner's case does not implicate *Blakely* because he voluntarily waived his right to a jury trial and agreed with the stipulated facts. Given the nature of the crime and the sentencing enhancements, defense counsel's comments and failure to argue for a jury determination did not fall below an objective standard of reasonableness. Moreover, defense counsel argued for the lower end of a standard range. (Dkt. No. 69, Ex. 14 at 6–7.) Therefore, because the state court reasonably found the first *Strickland* factor was not met, the Court need not address prejudice. Petitioner's objection is OVERRULED, and the Court ADOPTS Judge Tsuchida's recommendation. The Court DENIES the 2009 sentencing claim within Claim 1.

### D. Claim 2—Failure to Conduct Colloquy on Conflict-Free Counsel

Petitioner argues that the state court violated his right to due process and effective assistance of counsel by failing to ensure conflict-free counsel. (Dkt. No. 84 at 17–19.) To establish a violation of these rights, the defendant must show (1) counsel actively represented conflicting interests, and (2) an actual conflict adversely affected counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348–50 (1980). "[U]nless the state trial court knows or reasonably

1  should know that a particular conflict exists, the court itself need not initiate an inquiry into the
2  propriety of multiple representation." *Id.* at 336.
3  Judge Tsuchida found the state court did not rule contrary to U.S. Supreme Court
4  jurisprudence when it rejected Petitioner's claim. (Dkt. No. 90 at 27.) Petitioner objects, and
5  argues that the conflict was "inferable from the status of the case and plainly apparent from
6  documents in the record before the 2009 sentencing hearing." (Dkt. No. 91 at 5.) For example,
7  Petitioner filed a state bar complaint against his attorney and a motion to have his attorney
8  replaced after his 2003 sentencing. (Dkt. No. 63-1 at 32–35, 37.) However, both occurred before
9  Petitioner acknowledged on the record in 2005 that he was satisfied with his representation and
10 had no reservations about having the same attorney represent him at resentencing. (Dkt. No. 69,
11 Ex. 2 at 6; Dkt. No. 63-1 at 41.) The Court concludes the state court did not unreasonably apply
12 U.S. Supreme Court precedent because it did not know of an actual conflict that existed at that
13 time. Therefore, Petitioner's objection is OVERRULED. The Court ADOPTS Judge Tsuchida's
14 recommendation and DENIES Claim 2.

### E. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). This is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Petitioner objects to Judge Tsuchida's recommendation not to grant a certificate of appealability because Petitioner's arguments "have merit and are well founded in Supreme Court precedent." (Dkt. No. 91 at 10.) However, the Court concludes that no reasonable jurist could disagree with this Court's evaluation of Petitioner's claims. Petitioner's objection is OVERRULED and the

Court ADOPTS Judge Tsuchida's recommendation. Petitioner's request for a certificate of appealability is DENIED.

## III. CONCLUSION

For the foregoing reasons, Petitioner's objections (Dkt. No. 91) to Judge Tsuchida's Report and Recommendation (Dkt. No. 90) are OVERRULED. Judge Tsuchida's Report and Recommendation is ADOPTED.

DATED this 23rd day of June 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE